## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| BETTY GRENEKER and GREGORY GRENEKER, JOSH GRUNDNER and CAROLINE GRUNDNER, YAZMIN ROMAN and RICARDO ROMAN-VAZQUEZ, JENIFER CAMPBELL and VICKAL CAMPBELL, ROSEMARY PASTULA and JOHN PASTULA, and ANTHONY SNYDER,<br><br>Plaintiffs,<br><br>v.<br><br>D.R. HORTON, INC., and UPONOR, INC.,<br><br>Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Uponor, Inc. ("Uponor"), with the consent of Co-Defendant D.R. Horton, Inc. ("D.R. Horton"), hereby removes the action entitled *Greneker, et al. v. D.R. Horton, Inc. and Uponor, Inc.*, Case No. 24-CV-003050-P3, from the Superior Court of Paulding County, Georgia (the "Action") to this Court based upon diversity of citizenship and an amount in controversy

exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## INTRODUCTION

1. On October 15, 2024, Betty Greneker, Gregory Greneker, Josh Grundner, Caroline Grundner, Yazmin Roman, Ricardo Roman-Vazquez, Jenifer Campbell, Vickal Campbell, Rosemary Pastula, John Pastula, and Anthony Snyder ("Plaintiffs") collectively filed this civil action in the Superior Court of Paulding County, Georgia.

2. Plaintiffs seek recovery for damages allegedly caused by the design, construction, and sale of Plaintiffs' homes, including allegedly defective Uponor potable water PEX plumbing pipes. *See generally* **Exhibit 1**, Complaint.

3. Counsel for Uponor accepted service on the company's behalf on November 1, 2024. A true and correct copy of the Summons is attached. *See* **Exhibit 2**, Summons as to Uponor, Inc.

4. Uponor has not yet answered or otherwise responded to the Complaint.

5. On information and belief, counsel for D.R. Horton accepted service on the company's behalf on November 1, 2024. A true and correct copy of the Summons is attached. *See* **Exhibit 3**, Summons as to D.R. Horton.

6.     On November 8, 2024, counsel for D.R. Horton filed an Acknowledgment of Service in the Action.   *See* **Exhibit 4**, D.R. Horton Acknowledgement of Service.

7.     D.R. Horton has not yet answered or otherwise responded to the Complaint.

8.     As demonstrated below, this Court has diversity jurisdiction over this suit, and all conditions necessary to remove the action to this Court have been satisfied.

## GROUNDS FOR REMOVAL

9.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

10.     The action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) there is complete diversity of citizenship between Plaintiffs and Defendants, pursuant to 28 U.S.C. § 1332(c)(1), (iii) the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied, and (iv) this Court is the proper venue.

### A.     Removal Is Timely

11.     Removal is timely, pursuant to 28 U.S.C. § 1446(b), because Uponor has filed this Notice of Removal within 30 days of being served with the Summons and Complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 354 (1999) (holding that the 30-day time period for removal does not begin to run until service is perfected).  Uponor was served on November 1, 2024.

**B.      The Diversity of Citizenship Requirement is Satisfied**

12.      Plaintiffs are all citizens of the state of Georgia.  **Exhibit 1**, Complaint at ¶¶ 1-6.

13.      Defendant Uponor is an Illinois corporation.  "'[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C.  § 1332(c)(1)).  Uponor is incorporated under the laws of the state of Illinois, with its principal place of business in Apple Valley, Minnesota.  **Exhibit 1**, Complaint at ¶ 8.  Thus, for jurisdictional purposes, Uponor is a citizen of both Illinois and Minnesota.  28 U.S.C. § 1332(c)(1).

14.      Defendant D.R. Horton is incorporated under the laws of the state of Delaware, with its principal place of business in Arlington, Texas.  **Exhibit 1, ** Complaint at ¶ 7; **Exhibit 5**, D.R. Horton Annual Registration, State of Georgia, Secretary of State, Corporations Division.  Thus, D.R. Horton is a citizen of both Delaware and Texas for jurisdictional purposes.  28 U.S.C. § 1332(c)(1).

15.      Therefore, there is complete diversity of citizenship between Plaintiffs and Defendants, as the case is between "citizens of different States."  28 U.S.C. § 1332(a)(1).

## C.    The Amount in Controversy Requirement Is Satisfied

16.    Removal is proper under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446 if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

17.    When multiple plaintiffs allege the same claims in a single action, only one of the plaintiffs' claims needs to satisfy the jurisdictional amount. *Adams v. Guardian Automotive Corp.*, No. 1:17-CV-03345-ELR, 2018 WL 11344734, at *2 (N.D. Ga. July 17, 2018) ("If one plaintiff's claim meets the amount in controversy, the court will have diversity jurisdiction over his claims and may exercise supplemental jurisdiction over claims from additional, diverse plaintiffs.") (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) and 28 U.S.C. § 1367).

---

[1] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied.  The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it."  H.R. Rep. No. 112-10, at 15 (2011).  Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

18. Under section 1446(a), a defendant seeking to remove a case must include in its Notice of Removal "a short and plain statement of the grounds for removal." The United States Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)).

19. To satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly," but it "need not contain evidentiary submissions" to support the allegation. *Id.* at 551 (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint'").

20. In their Complaint, Plaintiffs assert eight causes of action: [2] (1) Strict Liability; (2) Breach of Implied Warranty of Merchantability; (3) Breach of Implied

---

[2] Plaintiffs' Complaint includes "Count VII" twice—one as to "Bad Faith and Stubborn Litigiousness," and the other as to "Deceptive or Unfair Practices in Violation of O.C.G.A. §10-1-370 *et seq.*" *See* **Exhibit 1**, Complaint at ¶¶ 62-69.

Warranty of Fitness for a Particular Purpose; (4) Negligence; (5) Breach of Contract (as to D.R. Horton); (6) Breach of Contract (as to Uponor); (7) Bad Faith and Stubborn Litigiousness; and (8) Deceptive or Unfair Practices in Violation of O.C.G.A. §10-1-370 *et seq.* *See* **Exhibit 1**, Complaint at ¶¶ 29-69. Plaintiffs further allege that they are entitled to consequential, compensatory, delay, and punitive damages, as well as fees and expenses "at the maximum rate allowable by Georgia law." *Id.* at p. 12 ¶¶ (b)-(f). Plaintiffs, however, do not allege a specific amount of damages. *See generally* **Exhibit 1**, Complaint.

21. In the Eleventh Circuit, when no specific amount in controversy is alleged, a "lower burden of proof is warranted because there is simply no estimate of damages to which the court may defer." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996). As follows, a removing defendant need only show by a preponderance of evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); 28 U.S.C. §1446(c)(2)(B); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin North Am.*, 613 F.3d 1058, 1062 (11th Cir.

---

For purposes of this Notice of Removal, Uponor correctly numbers Plaintiffs' causes of action in sequential order as presented in their Complaint.

2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

22.     Here, it is facially apparent that the amount in controversy—each Plaintiff's claims individually and all Plaintiffs' claims collectively—exceeds $75,000, exclusive of interest and costs as required by 28 U.S.C. § 1332(a).

23.     In their Complaint, Plaintiffs allege that "the Uponor Pipes have burst in all of the Plaintiffs' Homes, causing numerous leaks and significant water damage in Plaintiffs' Homes." **Exhibit 1**, Complaint at ¶ 17.  Plaintiffs further contend that each Plaintiff's respective water damage is so significant it "damaged both the Plaintiffs' Homes and surrounding Neighboring Homes." *Id*. at ¶ 19.  Plaintiffs' Notices of Claim and Demands for Repair require that Defendants remedy the alleged defects in Plaintiffs' homes by "replacing all of the defective pipes in their homes, repairing all damage in their homes caused by [the] defective pipes and the replacement of the defective pipes, and compensating [plaintiffs] for the respective monetary damages." **Exhibit 1**, Complaint, Exhibit A, April 8, 2024, April 17, 2024, and April 26, 2024 Defect Notices; *see* O.C.G.A. §8-2-38(b)(2).

24.     Plaintiffs seek recovery for damages "caused by the design, construction, and sale of the Plaintiffs' Homes, including but not limited to, the defective Uponor Pipes, which have resulted in significant damages to the Plaintiffs' Homes, including but not limited to, toxic mold conditions within the Homes."

8

**Exhibit 1**, Complaint at ¶¶ 17, 23. Plaintiffs further assert that because Defendants allegedly violated O.C.G.A. §10-1-370 *et seq.*, they are each entitled to recover *three times* the amount of actual damages described above pursuant to O.C.G.A. § 10-1-399(a). **Exhibit 1**, Complaint at ¶ 66-69; *id.* at p. 12 ¶ (d) (emphasis added).

26. As described above, Plaintiffs seek unspecified damages for their expenses of litigation and attorneys' fees under O.C.G.A. § 13-6-11. **Exhibit 1**, Complaint at ¶¶ 62-65; *id.* at p. 12 ¶ (d). Attorneys' fees are included to determine the amount in controversy if they are provided for by statute. *See Federated Mut. Ins. v. McKinnon Motors, LLC,* 329 F.3d 805, 809 n.4 (11th Cir. 2003); *Leonard v. Enterprise Rent A Car,* 279 F.3d 967, 974 (11th Cir. 2002). Accordingly, a reasonable attorneys' fee should be included to compute the amount in controversy.

26. Plaintiffs' claim for punitive damages alleges that Defendants' actions are "willful, wanton, malicious, and/or undertaken with a reckless and a knowing disregard for the rights of Plaintiffs," which raises the presumption of conscious indifference to the consequences, thus creating the potential for an award of punitive damages under O.C.G.A. § 51-12-5.1. **Exhibit 1**, Complaint at ¶ 71. It follows, then, that Plaintiffs' claim for punitive damages increases the amount in controversy, individually and collectively, well beyond the $75,000 threshold. *See Bell v. Preferred Life Ass'n. Society,* 320 U.S. 238, 240 (1943) ("When both actual and

9

punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount.").

27.     If Plaintiffs are able to prove their claims, the Court may use its judicial experience and common sense to determine that the claims of at least one, if not all, Plaintiffs more likely than not exceeds $75,000.00. *See Exxon,* 545 U.S. at 559; *Roe,* 613 F.3d at 1062; *Adams,* 2018 WL 11344734, at *2.

28.     Therefore, Plaintiffs' allegations demonstrate that the amount in controversy is greater than $75,000, exclusive of interest and costs, thereby satisfying the jurisdictional requirement. *See* 28 U.S.C. § 1332(a).

**D.      Venue and Other Requirements Are Satisfied**

29.     The United States District Court for the Northern District of Georgia includes Paulding County, Georgia—the county in which the Action is now pending. Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

30.     Pursuant to 28 U.S.C. § 1446(d), Uponor is filing a written notice of removal with the Clerk of the Superior Court of Paulding County, Georgia (attached hereto as **Exhibit 6**), which, along with this Notice, is being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

31.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Uponor are attached as **Exhibit 7**.

32.    Pursuant to 28 U.S.C. § 1446(b), counsel for Uponor affirms that Defendant D.R. Horton provided consent to the removal of this Action, as reflected by the Certification of Consent of Removal attached hereto as **Exhibit 8**.

For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(a), and removal is appropriate under 28 U.S.C. § 1441(a).

Respectfully submitted this 27th day of November 2024.

TROUTMAN PEPPER
HAMILTON SANDERS LLP

*/s/ David F. Norden*
David F. Norden
Georgia Bar No. 545647

600 Peachtree Street, N.E.          *Attorneys for Defendant Uponor,*
Suite 3000                          *Inc.*
Atlanta, GA 30308
Telephone:  (404) 885-3000
Facsimile:   (404) 885-3900
david.norden@troutman.com

11

# **FONT CERTIFICATION**

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing document was

prepared using Times New Roman 14-point type as provided in Local Rule 5.1.

*/s/ David F. Norden*
David F. Norden
Georgia Bar No. 545647

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November 2024, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served all counsel of record with a copy via U.S. Mail with adequate first class postage affixed thereto as follows:

Chuck M. Douglas
WAKHISI-DOUGLAS, LLC
1055 Howell Mill Road, Suite 800
Atlanta, GA  30318
cmdouglas@wd-law.net

Debra E. Lavorse
HAWKINS, PARNELL & YOUNG, LLP
303 Peachtree Street, N.E.
4000 SunTrust Plaza
Atlanta, GA 30308
dlavorse@hpylaw.com

Marc A. Wites
Chuck M. Douglas
WITES & ROGERS
1055 Howell Mill Road, Suite 800
Atlanta, GA  30318
mwites@witeslaw.com
cmdouglas@wd-law.net

*Attorneys for Defendant D.R. Horton, Inc.*

*Attorneys for Plaintiffs*

/s/ David F. Norden
David F. Norden
Georgia Bar No. 545647

13