# Exhibit 1

≝ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PAULDING COUNTY, GEORGIA

**24-CV-003050**

P3
OCT 15, 2024 12:50 PM

Sheila Butler, Clerk
Paulding County, Georgia

## IN THE SUPERIOR COURT OF PAULDING COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BETTY GRENEKER and <br> GREGORY GRENEKER, <br> JOSH GRUNDNER and <br> CAROLINE GRUNDNER, <br> YAZMIN ROMAN and <br> RICARDO ROMAN-VAZQUEZ, <br> JENIFER CAMPBELL and <br> VICKAL CAMPBELL, <br> ROSEMARY PASTULA and <br> JOHN PASTULA, and <br> ANTHONY SNYDER, <br><br> Plaintiffs, <br><br> vs. <br><br> DR HORTON, INC., and <br> UPONOR, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE <br> ) <br> ) NO. _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs, Betty Greneker and Gregory Greneker, Josh Grundner and Caroline Grunder, Yazmin Roman and Ricardo Roman-Vazquez, Jenifer Campbell and Vickal Campbell, Rosemary Pastula and John Pastula, and Anthony Snyder, (collectively "Plaintiffs") respectfully file this complaint against D.R. Horton, Inc., and Uponor, Inc. ("Uponor") (D.R. Horton, Inc. and Uponor shall be collectively referred to herein as "Defendants") and allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs Betty Greneker and Gregory Greneker are individuals residing at all times material hereto at 80 Oak Mill Terrace, Dallas, GA 30132 ("Greneker Residence").

1

2. Plaintiffs Josh Grundner and Caroline Grundner are individuals residing at all times material hereto at 43 Oak Mill Terrace, Dallas, GA 30132 ("Grunder Residence").

3. Plaintiffs Yazmin Roman and Ricardo Roman-Vazquez are individuals residing at all times material hereto at 388 Stonewood Creek Drive, Dallas, GA 30123 ("Roman Residence").

4. Plaintiffs Jenifer Campbell and Vickal Campbell are individuals residing at all times material hereto at 61 Creek Bend Cove, Dallas, GA 30123 ("Campbell Residence").

5. Plaintiff Rosemary Pastula and John Pastula are individuals residing at all times material hereto at 98 Rushing Creek Drive, Dallas, GA 30132 ("Pastula Residence").

6. Plaintiff Anthony Snyder is an individual residing at all times material hereto at 11 Oak Mill Terrace, Dallas, GA 30132 ("Snyder Residence") (collectively, the Greneker Residence, Grunder Residence, Roman Residence, Campbell Residence, Pastula Residence and Snyder Residence shall be referred to as the "Plaintiff Homes" or "Homes").

7. Defendant D.R. Horton is a foreign corporation with its principal place of business in 134 Horton Circle, Arlington, Texas 76011.

8. Defendant Uponor, Inc. is an Illinois corporation with its principal place of business located at 5925 148th Street West, Apple Valley, Minnesota 55124.

9. At all relevant times herein, Uponor designed, manufactured, marketed/advertised, sold and/or distributed Uponor PEX plumbing pipes ("Pipes" or "Uponor Pipes") for use in residential water plumbing systems throughout the United States, both directly and indirectly, by and through their entities, employees, agents, predecessors-in-interest and/or other representatives.

10. At all times material hereto, Defendant D.R. Horton was a home construction/building company with homebuilding operations throughout the United States.

11.     This Court has jurisdiction over the Defendants and all matters in this action, and venue properly rests in Paulding County, Georgia based on, (a) the location of Plaintiffs' residences, which is the subject of this dispute; (b) the Defendants' regular and continuous business activity in Paulding County; and (c) pursuant to O.C.G.A. §§ 14-2-510(b)(2) through (4).

## FACTS

12.     Defendant D.R. Horton is a home building company responsible for selling homes that contain Uponor Pipes that suffer from design and manufacturing defects that cause premature damage, corrosion, degradation, deterioration, and failure of the Pipes.

13.     Throughout the course of several years, D.R. Horton constructed numerous homes in Paulding County, Georgia.

14.     Plaintiffs purchased their Homes in Paulding County, Georgia from D.R. Horton.

15.     Plaintiffs' Homes were constructed with Uponor Pipes.

16.     The Uponor Pipes in all of the Plaintiffs' Homes are prematurely degrading, deteriorating and/or failing.

17.     Specifically, the Uponor Pipes have burst in all of the Plaintiffs' Homes, causing numerous leaks and significant water damage in Plaintiffs' Homes.

18.     The Pipe failures are caused by micro-cracks and holes in the Pipes that cause the Pipes to leak, which expel water and cause damage the respective property.

19.     Defendants knowingly and actively concealed and failed to disclose to Plaintiffs the defective nature of Uponor Pipes used in the construction of Plaintiffs' Homes. Defendants are, and have been, aware that the Uponor Pipes in all Plaintiffs' Homes, and the Uponor Pipes in many of the homes neighboring and surrounding the Plaintiffs' Homes that were built and sold by Defendant D.R. Horton and constructed with Uponor Pipes ("Neighboring Homes"), are defective,

3

have failed, and damaged both the Plaintiffs' Homes and surrounding Neighboring Homes. Defendants have likewise inspected the Uponor Pipes in both the Plaintiffs' Homes and many of the Neighboring Homes, and have failed and/or refused to replace all defective Pipes and/or fully compensate Plaintiffs for their damages.

20.    Pursuant to the Defendants respective Agreements and Warranties with Plaintiffs, Defendants are obligated to repair defects in Plaintiffs' Homes, but have refused and failed to do so.

21.    By way of example, Uponor provided a 25-year warranty for all Uponor Pipes used in the Plaintiffs' homes ("Pipe Warranty"). Notwithstanding the Plaintiffs' repeated demands, Uponor has failed and/or refused to honor the Pipe Warranty.

22.    Moreover, pursuant to the separate home purchase agreements entered into by D.R. Horton and the Plaintiffs ("Agreements") for the purchase of each Plaintiffs' respective Home, D.R. Horton was to provide the Plaintiff's with a ten-year limited warranty on the Homes ("Home Warranty"). Notwithstanding the Plaintiffs' repeated demands, D.R. Horton has failed and/or refused to honor the Home Warranty.

23.    The Plaintiffs' seek recovery herein for damages proximately caused by the design, construction, and sale of the Plaintiffs' Homes, including but not limited to, the defective Uponor Pipes, which have resulted in significant damages to the Plaintiffs' Homes, including but not limited to, toxic mold conditions within the Homes.

24.    Defendants placed Plaintiffs' Homes and other homes in their community in the stream of commerce for sale to Plaintiffs and members of the public after planning, designing, constructing, and selling those homes with the defective Uponor pipes used in the construction of Plaintiffs' Homes.

4

25.     The existence or causes of the defects are not readily recognizable by persons who lack special knowledge or training, hidden by components or finishes, are latent in nature and are defects that require special knowledge or training to ascertain and determine the nature and cause of the defects.

26.     As such, because the defects in Uponor pipes are latent defects, Plaintiffs could not have reasonably discovered the true nature of such defects until shortly before the filing of this Complaint.

27.     The Plaintiffs' bring this action pursuant to O.C.G.A. §8-2-38(b)(2). All conditions precedent to the commencement of this action, including the notice provisions of notices of claim pursuant to O.C.G.A. §8-2-38(b)(2), and inspection or repair opportunities have been satisfied, performed, waived, or excused.  Copies of the Plaintiffs' notices of claim and demands for repair are attached hereto as **Exhibit A.**[1]

28.     Any applicable statute of limitations was tolled by Defendants' knowing and active concealment and denial of the facts alleged herein.

**COUNT I - STRICT LIABILITY**
**(as to all Defendants)**

29.     Plaintiffs repeat and reallege all prior and subsequent paragraphs and incorporate them as if repeated in full herein.

30.     At all times material to this action, Uponor designed, engineered, developed, tested, approved, manufactured, fabricated, equipped, inspected, labeled, advertised, promoted, marketed, distributed, sold and supplied Uponor pipes in homes manufactured and sold by D.R. Horton throughout the United States, including, but not limited to, Georgia.

---

[1] For purposes of this Complaint, the exhibits in Exhibit A have been omitted.

5

31.    At the time the Uponor pipes left the control of Defendants, they were defective in design and manufacture and unreasonably dangerous to Plaintiffs who might reasonably be expected to use the Pipes installed in the plumbing systems in their Homes.

32.    The Uponor Pipes were expected by Defendants to reach, and did reach, Plaintiffs without substantial change in the condition in which Defendants placed, installed, and sold, the defective Pipes in Plaintiffs' Homes.

33.    Plaintiffs, as owners of Homes in which Defendants installed Uponor Pipes, are persons who would reasonably be expected have and use the Uponor Pipes as the water plumbing system in their Homes.

34.    The defects in the Uponor Pipes caused by Defendants were a direct and proximate cause of the extensive damages suffered by Plaintiffs to their Homes.

35.    Defendants are strictly liable to Plaintiffs for the damages caused by the defects and inadequacies in the design, manufacture, installation, and sale of Uponor Pipes.

## COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (as to all Defendants)

36.    Plaintiffs reallege the foregoing paragraphs as if fully set forth and incorporated herein by reference.

37.    "Implied in every contract by a builder-seller is the implied duty that construction was performed in a 'fit and workmanlike manner.'" Holmes v. Worthey, 159 Ga. App. 262, 270 (282 S.E.2d 919) (1981), aff'd, 249 Ga. 104 (287 S.E.2d 9) (1982). Such contract duty is breached when the builder fails to exercise a reasonable degree of care, skill, and ability under similar conditions and like surrounding circumstances as is ordinarily employed by others in the same profession." Hall v. Harris, 239 Ga. App. 812, 817, 521 S.E.2d 638, 643 (1999).

38.     At all relevant times herein, Defendants manufactured and/or supplied the Uponor Pipes to Plaintiffs. Prior to the time the Uponor Pipes were put into the Homes and other structures owned by Plaintiffs, Defendants impliedly warranted to the Plaintiffs that the Uponor Pipes were of merchantable quality and fit for the ordinary use for which intended.

39.     The Uponor Pipes are unfit for their intended use and are not of merchantable quality because of the defects in the Uponor Pipes alleged herein.

40.     Defendants breached the implied warranty of merchantability, as the Pipes are not of a merchantable quality due to the defects alleged herein. As a direct and proximate result of Defendants' breach of said implied warranties, Plaintiffs have suffered, and will continue to suffer, damages as alleged herein in an amount to be determined at trial.

41.     By failing to properly construct, repair, or correct the aforementioned construction defects and water intrusion issues throughout Plaintiffs' Homes, Defendants have breached all implied warranties of merchantability.

**COUNT III - BREACH OF IMPLIED WARRANTY
OF FITNESS FOR A PARTICULAR PURPOSE
(as to all Defendants)**

42.     Plaintiffs reallege the foregoing paragraphs as if fully set forth and incorporated herein by reference.

43.     "Implied in every contract by a builder-seller is the implied duty that construction was performed in a 'fit and workmanlike manner.'" Holmes v. Worthey, 159 Ga. App. 262, 270 (282 S.E.2d 919) (1981), aff'd, 249 Ga. 104 (287 S.E.2d 9) (1982). Such contract duty is breached when the builder fails to exercise a reasonable degree of care, skill, and ability under similar conditions and like surrounding circumstances as is ordinarily employed by others in the same profession." Hall v. Harris, 239 Ga. App. 812, 817, 521 S.E.2d 638, 643 (1999).

44. At the time the Uponor Pipes were installed in the Homes and other structures owned by Plaintiffs, Defendants had reason to know of the particular purpose for the Uponor Pipes. Defendants impliedly warranted that the Uponor Pipes were fit for the particular purpose in the Homes and other structures owned by Plaintiffs.

45. The implied warranties were intended to inure to the benefit of the end users, i.e., Plaintiffs.

46. Defendants breached the implied warranty because the Uponor Pipes are not fit for the particular purpose due to the defects alleged herein.

47. As a direct and proximate result of Defendants' breach of said the implied warranties, Plaintiffs have suffered, and will continue to suffer, damages as alleged herein in an amount to be determined at trial.

48. By failing to properly construct Plaintiffs' Homes, repair Plaintiffs' Homes, correct the aforementioned construction defects and water intrusion issues throughout the Homes, Defendants have breached all implied warranties of fitness for a particular purpose.

## COUNT IV – NEGLIGENCE
### (as to all Defendants)

49. Plaintiffs reallege the foregoing paragraphs as if fully set forth and incorporated herein by reference

50. Defendants owed a reasonable duty of care to Plaintiffs to construct their Homes in a workmanlike manner, fit for its intended use, and to use that degree of care and skill ordinarily exercised under similar circumstances and by similar professionals. Moreover, Defendants owed a duty to Plaintiffs to repair their Homes in a reasonable and workmanlike manner, and to use that degree of care and skill ordinarily exercised under similar circumstances and by similar professionals.

8

51.     By failing to properly construct, repair, or correct the aforementioned construction defects in Plaintiffs' Homes, Defendants failed to fulfill its obligations under the Act, and breached its duties to Plaintiffs. Defendants' failures and breached directly led to the aforementioned water intrusion and subsequent toxic mold issues; and Defendants' failures and breaches of duty proximately caused Plaintiffs' significant damages, for which Defendants are per se liable, as a matter of law.

52.     Defendants' negligence is the direct and proximate cause of damages to the Homes and, therefore, to Plaintiffs, to an extent and in an amount to be proven at trial.

### COUNT V - BREACH OF CONTRACT
### (as to D.R. Horton)

53.     Plaintiffs reallege the foregoing paragraphs as if fully set forth and incorporated herein by reference.

54.     Plaintiffs and Defendant D.R. Horton entered into the Agreements for the sale and purchase of the Homes.

55.     Defendant D.R. Horton breached the Agreements by using the defective Uponor Pipes in the construction of Plaintiffs' Homes.

56.     Moreover, D.R. Horton materially breached the Agreements by failing to uphold its warranty obligations, perform the construction of the Homes free of defects and deficiencies, failing to provide the Homes in a manner that was fit for the purpose and use intended, failing to remove and replace all of the defective Uponor pipes in Plaintiffs' homes, despite the Plaintiffs' repeated demands, and constructing the Homes with defects and deficiencies caused in whole or in part by D.R. Horton, or its agents.

57.     Theses material breaches have caused Plaintiffs to suffer significant damages.

9

## COUNT VI – BREACH OF CONTRACT
### (as to Uponor)

58.    Plaintiffs reallege the foregoing paragraphs as if fully set forth and incorporated herein by reference.

59.    By virtue of the Plaintiffs' purchase of the Homes, Uponor provided Plaintiff's a 25-year warranty on all Uponor Pipes.

60.    Uponor materially breached the Pipe Warranty by failing to uphold its warranty obligations and failing and/or refusing to remove and replace all of the defective Uponor Pipes in Plaintiffs' homes, despite the Plaintiffs' repeated demands.

61.    Uponor's material breaches of the Pipe Warranty have caused Plaintiffs to suffer significant damages.

## COUNT VII - BAD FAITH AND STUBBORN LITIGIOUSNESS
### (as to all Defendants)

62.    Plaintiffs reallege the foregoing paragraphs as if fully set forth and incorporated herein by reference.

63.    By failing and refusing to properly to perform its obligations and to correct the aforementioned construction defects and water intrusion issues throughout the Homes and, therefore, failing to fulfill its obligations under the Act, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense, primarily by forcing Plaintiffs to resort to this Court for relief.

64.    Plaintiffs have incurred attorney's fees and expenses as a result of the bad faith of Defendants. Defendants' conduct justifies the award of the expenses of litigation, including attorneys' fees, to Plaintiffs which Plaintiffs incurred in prosecuting this action.

10

65.    "[Attorney] fees and expenses are generally not allowed [under OCGA § 13–6–11] unless the Defendants have acted in bad faith, been stubbornly litigious, or caused unnecessary trouble and expense, in which case the jury may allow them." Gwinnett County Bd. of Tax Assessors v. Network Publications, 208 Ga.App. 15, 18, 429 S.E.2d 696 (1993). "However, it is only necessary to show the existence of one of these statutory conditions in order to authorize such an award. Fine & Block v. Evans, 201 Ga.App. 294, 411 S.E.2d 73 (1991)." LeBrook, Inc. v. Jefferson, 437 S.E.2d 360, 362 (Ga. App. 1993).

### COUNT VII - DECEPTIVE OR UNFAIR PRACTICES
### IN VIOLATION OF O.C.G.A. § 10-1-370 *ET SEQ.*
**(as to all Defendants)**

66.    Plaintiffs reallege the foregoing paragraphs as if fully set forth and incorporated herein by reference.

67.    O.C.G.A. § 10-1-393 declares unfair or deceptive acts or practices in the conduct of consumer transactions, and deceptive acts or practices in trade or commerce, to be unlawful.

68.    Defendants have violated Georgia's Fair Business Practices Act of 1975, O.C.G.A. §10-1-370 *et seq.,* by engaging in unfair, false, and misleading, and/or deceptive acts or practices as set out in the above paragraphs.

69.    Defendant's unfair, false, misleading and/or deceptive acts or practices have resulted in significant damages to the Plaintiffs.

### COUNT VIII - PUNITIVE DAMAGES
**(as to all Defendants)**

70.    Plaintiffs reallege the foregoing paragraphs as if fully set forth and incorporated herein by reference.

71.    Defendants' actions, described herein and above, are willful, wanton, malicious, and/or undertaken with a reckless and a knowing disregard for the rights of Plaintiffs. Therefore, Plaintiffs are entitled to recover punitive damages from Defendants in an amount to be determined by the enlightened conscience of the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that Defendants be served with process and that Plaintiffs be awarded judgment as follows:

(a)    TRIAL BY JURY OF TWELVE;

(b)    Pursuant to Counts One through Six, judgment holding Defendants liable to Plaintiffs for consequential, compensatory, and delay damages in an amount to be determined at trial, plus pre-judgment interest at the maximum rate allowable by Georgia law;

(c)    Pursuant to Count Seven, judgment holding Defendants liable to Plaintiffs for expenses of litigation and attorney's fees incurred in connection with this litigation, pursuant to O.C.G.A. § 13-6-11;

(d)    Pursuant to Count Seven, judgment holding Defendants liable to Plaintiffs for treble damages and expenses of litigation and attorney's fees incurred in connection with this litigation, pursuant to O.C.G.A. § 10-1-370 *et seq.*;

(e)    Pursuant to Count Eight, judgment holding Defendants liable to Plaintiffs for punitive damages in an amount to be determined at trial, plus pre-judgment interest at the maximum rate allowable by Georgia law;

(f)    That all costs of this action be taxed upon Defendants;

(g)    That this Court enter and award such other and further relief to Plaintiffs as it deems just and appropriate.

**[SIGNATURE BLOCK CONTINUED ON FOLLOWING PAGE]**

12

Submitted this 15 day of October, 2024.


_Chuck M. Douglas_ (signature)

Chuck M. Douglas
Georgia Bar No. 939932
Attorney for Plaintiffs

WAKHISI-DOUGLAS, LLC
1055 Howell Mill Road-Suite 800
Atlanta, Georgia 30318
404-566-2320 (Phone)
866-566-1232 (Facsimile)
cmdouglas@wd-law.net

WITES & ROGERS
1055 Howell Mill Road-Suite 800
Atlanta, Georgia 30318
404-566-2320 (Phone)
866-566-1232 (Facsimile)
cmdouglas@wd-law.net

# EXHIBIT A

14



# WITES & ROGERS

### ATTORNEYS AT LAW

April 8, 2024

**VIA MAIL**

D.R. Horton
134 Horton Circle
Arlington, Texas 76011

UPONOR, Inc.
5925 148th Street West
Apple Valley, Minnesota 55124

UPONOR North America, Inc.
5925 148th Street West
Apple Valley, Minnesota 55124

**NOTICE OF CLAIM PURSUANT TO O.C.G.A. § 8-2-38(a)**

Dear D.R. Horton, UPONOR, Inc., and UPONOR North America, Inc.:

Pursuant to O.C.G.A. Section 8-2-38(a), we hereby provide you notice of the construction defects contained in our clients' homes, as detailed in the attached lawsuit. As you have inspected all of these homes you are already in possession of all evidence that we are otherwise required to provide you under O.C.G.A. Section 8-2-38(a). If you wish to inspect any or all of the homes again, as allowed by O.C.G.A. Section 8-2-38, we will cooperate with you in coordinating and allowing such inspections. If you do not agree to remedy the defects in our clients' homes by replacing all of the defective pipes in their homes, repairing all damage in their homes caused by your defective pipes and the replacement of the defective pipes, and compensating our clients' for the respective monetary damages, our clients will file suit.

1055 Howell Mill Road, Suite 800, Atlanta, GA 30318
4400 North Federal Highway, Lighthouse Point, FL 33064
(866) 277-8631 * www.witeslaw.com

Page 1 of 2

Very truly yours,

WITES & ROGERS, P.A.

*/s/ Chuck Douglas*

**Chuck Douglas, Of Counsel**

1055 Howell Mill Road, Suite 800, Atlanta, GA 30318
4400 North Federal Highway, Lighthouse Point, FL 33064
(866) 277-8631 * www.witeslaw.com



# WITES & ROGERS
## ATTORNEYS AT LAW

April 17, 2024

**VIA MAIL**

D.R. Horton
1341 Horton Circle
Arlington, Texas 76011

UPONOR, Inc.
5925 148th Street West
Apple Valley, Minnesota 55124

UPONOR North America, Inc.
5925 148th Street West
Apple Valley, Minnesota 55124

## NOTICE OF CLAIM PURSUANT TO O.C.G.A. § 8-2-38(a)

Dear D.R. Horton, UPONOR, Inc., and UPONOR North America, Inc.:

Pursuant to O.C.G.A. Section 8-2-38(a), we hereby provide you notice of the construction defects contained in our clients' homes, as detailed in the attached lawsuit. Our clients' and their respective properties are as follows:

Betty Greneker and Gregory Greneker–80 Oak Mill Terrace, Dallas, GA 30132

Josh Grundner and Caroline Grunder–43 Oak Mill Terrace, Dallas, GA 30132

Yazmin Roman and Ricardo Roman-Vazquez–388 Stonewood Creek Drive, Dallas, GA 30123

1055 Howell Mill Road, Suite 800, Atlanta, GA 30318
4400 North Federal Highway, Lighthouse Point, FL 33064
(866) 277-8631 * www.witeslaw.com

Page 1 of 2

Jenifer Campbell and Vickal Campbell–61 Creek Bend Cove, Dallas, GA 30123

Rosemary and John Pastula–90 Rushing Creek Drive, Dallas, GA 30132

As you have inspected most of our clients' homes you are already in possession of all evidence that we are otherwise required to provide you under O.C.G.A. Section 8-2-38(a). If you wish to inspect any or all of the homes, whether again or for the first time, as allowed by O.C.G.A. Section 8-2-38, we will cooperate with you in coordinating and allowing such inspections. If you do not agree to remedy the defects in our clients' homes by replacing all of the defective pipes in their homes, repairing all damage in their homes caused by your defective pipes and the replacement of the defective pipes, and compensating our clients' for the respective monetary damages, our clients will file suit.

Very truly yours,

WITES & ROGERS, P.A.

*/s/ Chuck Douglas*

**Chuck Douglas, Of Counsel**

1055 Howell Mill Road, Suite 800, Atlanta, GA 30318
4400 North Federal Highway, Lighthouse Point, FL 33064
(866) 277-8631 * www.witeslaw.com

Page 2 of 2



# WITES & ROGERS
ATTORNEYS AT LAW

April 26, 2024

**VIA MAIL, EMAIL AND FAX**

D.R. Horton
1341 Horton Circle
Arlington, Texas 76011

UPONOR, Inc.
5925 148th Street West
Apple Valley, Minnesota 55124

UPONOR North America, Inc.
5925 148th Street West
Apple Valley, Minnesota 55124

**NOTICE OF CLAIMS PURSUANT TO O.C.G.A. § 8-2-38(a)**

Dear D.R. Horton, UPONOR, Inc., and UPONOR North America, Inc.:

Pursuant to O.C.G.A. Section 8-2-38(a), we hereby provide you notice of the construction defects contained in our clients' homes, as detailed in the attached lawsuit. Our clients' and their respective properties are as follows:

Betty Greneker and Gregory Greneker–80 Oak Mill Terrace, Dallas, GA 30132

Josh Grundner and Caroline Grunder–43 Oak Mill Terrace, Dallas, GA 30132

Yazmin Roman and Ricardo Roman-Vazquez–388 Stonewood Creek Drive, Dallas, GA 30123

1055 Howell Mill Road, Suite 800, Atlanta, GA 30318
4400 North Federal Highway, Lighthouse Point, FL 33064
(866) 277-8631 * www.witeslaw.com

Jenifer Campbell and Vickal Campbell–61 Creek Bend Cove, Dallas, GA 30123

Rosemary and John Pastula–90 Rushing Creek Drive, Dallas, GA 30132

Anthony Snyder - 11 Oak Mill Terrace, Dallas, GA 30132

As you have inspected most of our clients' homes you are already in possession of all evidence that we are otherwise required to provide you under O.C.G.A. Section 8-2-38(a). If you wish to inspect any or all of the homes, whether again or for the first time, as allowed by O.C.G.A. Section 8-2-38, we will cooperate with you in coordinating and allowing such inspections. If you do not agree to remedy the defects in our clients' homes by replacing all of the defective pipes in their homes, repairing all damage in their homes caused by your defective pipes and the replacement of the defective pipes, and compensating our clients' for the respective monetary damages, our clients will file suit.

Very truly yours,

WITES & ROGERS, P.A.

*/s/ Chuck Douglas*

**Chuck Douglas, Of Counsel**

1055 Howell Mill Road, Suite 800, Atlanta, GA 30318
4400 North Federal Highway, Lighthouse Point, FL 33064
(866) 277-8631 * www.witeslaw.com

Page 2 of 2