IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| BETTY GRENEKER and<br>GREGORY GRENEKER,<br>JOSH GRUNDNER and<br>CAROLINE GRUNDNER,<br>YAZMIN ROMAN and<br>RICARDO ROMAN-VAZQUEZ,<br>JENIFER CAMPBELL and<br>VICKAL CAMPBELL,<br>ROSEMARY PASTULA and<br>JOHN PASTULA, and<br>ANTHONY SNYDER,<br><br>    Plaintiffs,<br><br>v.<br><br>DR HORTON, INC., and<br>UPONOR, INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.:<br><br>4:24-cv-00283-WMR |

## DEFENDANT DR HORTON, INC.'S ANSWER
## TO PLAINTIFFS' COMPLAINT

COMES NOW, DR Horton, Inc., Defendant in the above-captioned action, and hereby files the foregoing answer to Plaintiffs' Complaint as follows:

Because Plaintiffs agreed to submit any claims against Defendant to binding arbitration, Defendant has contemporaneously filed a Motion to Dismiss and to Compel Arbitration. However, out of an abundance of caution, Defendant hereby responds to the Plaintiffs' Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

This Complaint is barred by the doctrine of abatement.

## THIRD DEFENSE

This Defendant is an improper party.

## FOURTH DEFENSE

All or some of Plaintiffs' claims against Defendant may be barred by the applicable statute of limitations.

## FIFTH DEFENSE

The Complaint is barred by the statute of frauds.

## SIXTH DEFENSE

The Defendant did not owe a duty to Plaintiffs for claims alleged in the Complaint.

## SEVENTH DEFENSE

This Defendant did not breach any duty owed to Plaintiffs.

## EIGHTH DEFENSE

Any loss or damage allegedly suffered by Plaintiffs, if there be any, was not the direct or proximate result of any act or omission of this Defendant, or those acting on its behalf.

## NINTH DEFENSE

The sole and proximate cause of Plaintiffs' damages, if there be any, was the negligence of a person or entity for whose acts or omissions this Defendant is in no way liable.

## TENTH DEFENSE

No act or omission of this Defendant proximately caused or contributed to any injury or damages which the Plaintiff may have suffered, and Plaintiffs are not entitled to any recovery whatsoever against this Defendant.

## ELEVENTH DEFENSE

Any loss or damage allegedly suffered by the Plaintiffs, if there be any, was the direct and proximate result of the acts or omissions of other persons or entities for which this Defendant is not liable.

## TWELFTH DEFENSE

Pending further investigation and discovery, Plaintiff assumed the risk of any loss or damages, which Plaintiffs now alleges.

## THIRTEENTH DEFENSE

Pending further investigation and discovery, Plaintiffs, in the exercise of ordinary care, could have avoided the consequences of any alleged negligence (which is expressly denied) on the part of this Defendant.

## FOURTEENTH DEFENSE

Pending further investigation and discovery, the negligence of Plaintiffs was at least equal to or greater than any alleged negligence (which is specifically denied) on the part of this Defendant.

## FIFTEENTH DEFENSE

Any loss or damage allegedly suffered by Plaintiffs, if there be any, was a direct and proximate cause of the superseding and intervening acts of other persons or entities, for whom this Defendant is not liable.

## SIXTEENTH DEFENSE

Defendant is entitled to apportion fault to non-parties to this action pursuant to O.C.G.A. § 51-12-33.

## SEVENTEENTH DEFENSE

All or some of Plaintiffs' claims against Defendant may be barred by consent.

## EIGHTEENTH DEFENSE

Pending further investigation and discovery, the Plaintiffs failed to mitigate the alleged damages and are barred from recovery.

## NINETEENTH DEFENSE

Plaintiffs agreed to submit any claims against Defendant to binding arbitration. Accordingly, this Court lacks subject matter jurisdiction over the claims asserted in Plaintiff's Complaint.

## TWENTIETH DEFENSE

Plaintiffs' Complaint is subject to dismissal due to an Arbitration Agreement. Therefore, Defendant pleads the defense of arbitration.

## TWENTY-FIRST DEFENSE

All or some of Plaintiffs' claims are or may be barred by the Doctrines of Waiver and Estoppel.

## TWENTY-SECOND DEFENSE

All or some of Plaintiffs' claims are or may be barred by the Doctrine of Laches.

## TWENTY-THIRD DEFENSE

Defendant respectfully asserts that Plaintiffs' claims are or may be barred by the doctrine of accord and satisfaction.

## TWENTY-FOURTH DEFENSE

Plaintiffs' Complaint, to the extent it seeks any recovery of punitive damages, violates the Defendant's right to protection from excess fines as provided in the Eighth Amendment to the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia, rendering the statute invalid on its face to support a claim or recovery of punitive damages.

## TWENTY-FIFTH DEFENSE

Plaintiffs' Complaint, to the extent it seeks any recovery of punitive damages,

violates the Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution as well as Article I, Section I, Paragraph I of the Constitution of the State of Georgia, rendering the statute invalid on its face to support a claim or recovery of punitive damages.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claim, to the extent it seeks any recovery for punitive damages is barred by the double jeopardy clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment and as set forth in the corresponding provisions of the Constitution of the State of Georgia.

**TWENTY-SEVENTH DEFENSE**

Official Code of Georgia Annotated § 51-12-5.1 is contrary to the Constitution of the United States and the Constitution of the State of Georgia and is void inasmuch as it denies the Defendant's equal protection under the law by providing fewer protections for civil litigants than the criminal law provides to persons accused of violation of criminal statutes permitting imposition of monetary fines.  (U.S. Constitution, Article XIV; Georgia Constitution, Article I, Section II).

**TWENTY-EIGHTH DEFENSE**

Defendant reserves the right to amend its Answer, if it becomes appropriate, after full investigation and discovery.

## TWENTY-NINTH DEFENSE

Defendant incorporates all affirmative defenses pending further investigation and discovery.

## THIRTIETH DEFENSE

Defendant responds to the enumerated paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE

1.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 1 of the Complaint thus it can neither admit nor deny said allegations.

2.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 2 of the Complaint thus it can neither admit nor deny said allegations.

3.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 3 of the Complaint thus it can neither admit nor deny said allegations.

4.

Defendant is without knowledge or information a sufficient to form a belief as to the factual allegations in paragraph 4 of the Complaint thus it can neither admit nor deny said allegations.

5.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 5 of the Complaint thus it can neither admit nor deny said allegations.

6.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 6 of the Complaint thus it can neither admit nor deny said allegations.

7.

Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 8 of the Complaint thus it can neither admit nor deny said allegations.

9.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 9 of the Complaint thus it can neither admit nor deny said allegations.

10.

Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.

Defendant admits the allegations as stated in paragraph 11 of the Complaint.

**FACTS**

12.

Defendant admits that some of the piping installed in Plaintiff's homes were UPONOR pipes. Defendant is without knowledge or information sufficient to form a belief as to the remaining factual allegations in paragraph 12 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said allegations are denied.

13.

Defendant admits the allegations contained in paragraph 13 of the Complaint.

14.

Defendant admits the allegations contained in paragraph 14 of the Complaint.

15.

Defendant admits that the homes it sold to plaintiffs contained Uponor pipes. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said allegations are denied.

16.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 16 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said allegations are denied.

17.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 17 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said allegations are denied.

18.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 18 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said allegations are denied.

19.

Defendant denies the allegations in paragraph 19 of the Complaint as stated.

20.

Defendant denies the allegations in paragraph 20 of the Complaint as stated.

21.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 21 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said allegations are denied.

22.

Defendant admits the home purchase agreement contains a limited warranty. Defendant denies the remaining allegations contained in paragraph 22 of the Complaint.

23.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 23 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said allegations are denied.

24.

Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Complaint as stated.

26.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 23 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said allegations are denied.

27.

Defendant denies the allegations contained in paragraph 27 of the Complaint as

stated.

28.

Defendant denies the allegations contained in paragraph 28 of the Complaint.

**COUNT I – STRICT LIABILITY**
**(as to all Defendants)**

29.

Defendant incorporates its responses to paragraphs 1 – 28 as if fully set forth herein.

30.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 30 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, committed any intentional torts, or is strictly liable, said allegations are denied.

31.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 31 of the Complaint (and its subparts), thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, committed any intentional torts, or is strictly liable, said allegations are denied.

32.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 32 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, committed any intentional torts, or is strictly liable. said allegations are denied.

33.

Defendant admits the allegations contained in paragraph 33 of the Complaint as stated.

34.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 34 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, committed any intentional torts, or is strictly liable, said allegations are denied.

35.

Defendant denies the allegations contained in paragraph 35 of the Complaint.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (as to all Defendants)

36.

Defendant incorporates its responses to paragraphs `1-35 as if fully set forth herein.

37.

No response is required as to paragraph 37 as it merely recites case and statutory law. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said allegations are denied.

38.

Responding to paragraph 38 of the Complaint, Defendant states it does not manufacture and/or supply pipes, including but not limited to, Uponor pipes. Defendant denies the remaining allegations contained in paragraph 38 of the Complaint.

39.

Defendant is without knowledge or information sufficient to form a belief as to the factual allegations in paragraph 39 of the Complaint, thus it can neither admit nor deny said allegations. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said

allegations are denied.

40.

Defendant denies the allegations contained in paragraph 40 of the Complaint,

41.

Defendant denies the allegations contained in paragraph 41 of the Complaint.

## COUNT III – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (as to all Defendants)

42.

Defendant incorporates its responses to paragraphs 1-41 of the Complaint as if fully set forth herein.

43.

No response is required as to paragraph 43 as it merely recites case and statutory law. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, or committed any intentional torts, said allegations are denied.

44.

Defendant admits that it generally knows the purpose of piping in homes. Defendant denies the remaining allegations contained in paragraph 44 of the

Complaint.

45.

Defendant admits the allegations contained in paragraph 45 as they pertain

to implied warranties, but denies it breached any such warranties.

46.

Defendant denies the allegations contained in paragraph 46 of the

Complaint.

47.

Defendant denies the allegations contained in paragraph 47 of the Complaint

48.

Defendant denies the allegations contained in paragraph 48 of the

Complaint.

## COUNT IV – NEGLIGENCE
### (as to all Defendants)

49.

Defendant incorporates its responses to Paragraphs 1-48 of the Complaint as

if fully set forth herein.

50.

Defendant states that any statements regarding any alleged "duty of care" is

governed by Georgia case and statutory law and speak for themselves.  To the

extent this paragraph alleges this Defendant was negligent, breached any contracts,

or committed any intentional torts, said allegations are denied.

51.

Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.

Defendant denies the allegations contained in paragraph 52 of the Complaint.

**COUNT V – BREACH OF CONTRACT
(as to D.R. Horton)**

53.

Defendant incorporates its responses to paragraphs 1-52 of the Complaint as if fully set forth herein.

54.

Defendant admits the allegations contained in paragraph 54 of the Complaint.

55.

Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.

Defendant denies the allegations contained in paragraph 56 of the Complaint..

57.

Defendant denies the allegations contained in paragraph 57 of the

Complaint.

## COUNT VI – BREACH OF CONTRACT
### (as to Uponor)

58.

Defendant incorporates its responses to paragraphs 1-57 as if fully set forth

herein.

59.

Defendant is without knowledge or information sufficient to form a belief

as to the factual allegations in paragraph 59 of the Complaint, thus it can neither

admit nor deny said allegations.

60.

Defendant is without knowledge or information sufficient to form a belief as

to the factual allegations in paragraph 60 of the Complaint, thus it can neither

admit nor deny said allegations.

61.

Defendant is without knowledge or information sufficient to form a belief as

to the factual allegations in paragraph 61 of the Complaint, thus it can neither

admit nor deny said allegations.

## COUNT VII – BAD FAITH AND STUBBORN LITIGIOUSNESS
### (as to all Defendants)

62.

Defendant incorporates its responses to paragraphs 1-61 of the Complaint as if fully set forth herein.

63.

Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.

Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.

No response is required as to paragraph as 65 it merely recites case and statutory law. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, committed any intentional torts, or breached O.C.G.A. § 13-6-11, said allegations are denied.

## COUNT VII – DECEPTIVE OR UNFAIR PRACTICES
## IN VIOLATION OF O.C.G.A. § 10-1-370 *ET SEQ.*
### (as to all Defendants)

66.

Defendant incorporates its responses to paragraphs 1-65 of the Complaint as if fully set forth herein.

67.

No response is required as to paragraph 67 of the Complaint as it merely recites statutory law. To the extent this paragraph alleges this Defendant was negligent, breached any contracts, committed any intentional torts, or breached any statutory law, said allegations are denied.

68.

Defendant denies the allegations contained in paragraph 68 of the Complaint.

69.

Defendant denies the allegations contained in paragraph 69 of the Complaint.

**COUNT VIII – PUNITIVE DAMAGES**
**(as to all Defendants)**

70.

Defendant incorporates its responses to paragraph 70 of the Complaint as if fully set forth herein.

71.

Defendant denies the allegations contained in paragraph 71 of the Complaint.

Defendant denies any allegations to which it has not responded.

Defendant is filing a Motion to Dismiss and to Compel Arbitration. If said motion is not granted, Defendant requests a trial by a jury of twelve.

Respectfully submitted this 4th day of December, 2024.


**HAWKINS PARNELL & YOUNG** LLP

*/s/ Matthew Barr*

Debra LeVorse

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(855) 889-4588 (facsimile)
dlevorse@hpylaw.com
mbarr@hpylaw.com

Georgia Bar No. 242229
Matthew Barr
Georgia Bar No. 039481

*Counsel for Defendant DR Horton, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| BETTY GRENEKER and<br>GREGORY GRENEKER,<br>JOSH GRUNDNER and<br>CAROLINE GRUNDNER,<br>YAZMIN ROMAN and<br>RICARDO ROMAN-VAZQUEZ,<br>JENIFER CAMPBELL and<br>VICKAL CAMPBELL,<br>ROSEMARY PASTULA and<br>JOHN PASTULA, and<br>ANTHONY SNYDER,<br><br>     Plaintiffs,<br><br>v.<br><br>DR HORTON, INC., and<br>UPONOR, INC.<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.:<br><br>4:24-cv-00283-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing *DR Horton, Inc.'s Answer to Plaintiffs' Complaint* on the following counsel of record by electronic filing:

| | |
|---|---|
| Marc A. Wites, Esq.<br>Wites & Rogers<br>1055 Howell Mill Road, Suite 800<br>Atlanta, GA 30318<br>mwites@witeslaw.com<br>*Counsel for Plaintiffs* | Chuck M. Douglas, Esq.<br>Wakhisi-Douglas, LLC<br>1055 Howell Mill Road, Suite 800<br>Atlanta, GA 30318<br>cmdouglas@wd-law.net<br>*Counsel for Plaintiffs* |

Howard Lieber, Esq.
Grotefeld Hoffman, LLP
311 S Wacker Drive
Suite 1500
Chicago, IL 60606
hlieber@ghlaw-llp.com
*Counsel for Uponor, Inc.*

This 4th day of December, 2024.

**HAWKINS PARNELL & YOUNG LLP**

*/s/ Matthew Barr*
Debra LeVorse
Georgia Bar No. 242229
Matthew Barr
Georgia Bar No. 039481

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(855) 889-4588 (facsimile)
dlevorse@hpylaw.com
mbarr@hpylaw.com

*Counsel for Defendant DR Horton, Inc.*